UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
HARTFORD LIFE AND ACCIDENT  :
INSURANCE COMPANY,  :  Case No.
   :
    Plaintiff,  :
   :
- against -  :
   :
ARGENIS De JESUS BAEZ and  :
DOMINGA REYES,  :
   :
    Defendants.  :
------------------------------------------------------- x

# COMPLAINT FOR INTERPLEADER

Hartford Life and Accident Insurance Company ("Hartford Life"), by and through its attorneys, and for its Complaint in Interpleader, alleges as follows:

1.    Arianna Reyes Gomez was a New York City Police Officer who participated in the basic term life employee benefit plan ("Life Plan") established and/or maintained by the Police Benevolent Association of the City of New York, Inc. ("PBA"). Ms. Gomez was killed on June 13, 2022, and her husband, Argenis DeJesus Baez ("Baez") was arrested in connection with her death. According to the PBA, Ms. Gomez had designated Baez as primary beneficiary of 70% of her benefit under the Life Plan. There is a genuine dispute whether New York's slayer rule prevents Baez from receiving the benefit under the Life Plan.

## Parties

2.    Hartford Life is a corporation organized under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

3.    Upon information and belief, Baez was Ms. Gomez's husband, and he resides at 2785 Sedgwick Avenue, Bronx, New York.

4. Upon information and belief, Dominga Reyes was Ms. Gomez's mother, and she resides at 2095 Collins Hill Road, Lawrenceville, Georgia.

## JURISDICTION AND VENUE

5. The Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1335, because two adverse claimants of diverse citizenship are claiming or may claim to be entitled to a life insurance benefit in the amount of $245,000.

6. Hartford Life is ready and willing to deposit into the registry of the Court the disputed life benefit, plus any applicable interest, and less Hartford Life's reasonable attorneys' fees and costs, there to abide the judgment of the Court.

7. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because Hartford Life is a citizen of Connecticut, Baez and Reyes are citizens of New York and Georgia, respectively, and the amount in controversy is $245,000, exclusive of interest and costs.

8. Venue is proper pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1391(b) in that one or more of the adverse claimants reside in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

9. Ms. Gomez was a New York City Police Officer and was a participant in the Life Plan

10. Benefits under the Life Plan were insured by Hartford Life, pursuant to Group Term Life Certificate of Insurance No. GL-805283 that it issued to the PBA ("Policy").

11. By virtue of her participation in the Life Plan, Ms. Gomez qualified for a Basic Life Insurance benefit in the amount of $350,000 ("Plan Benefit").

12. The PBA has advised Hartford Life that Ms. Gomez designated two primary beneficiaries under the Life Plan: Baez for 70% of the Plan Benefit and Reyes for 30% of the Plan Benefit.

13. On or about June 13, 2022, Hartford Life received a communication from the PBA advising it that Ms. Gomez had died, "however, her husband who is a listed beneficiary at 70% is also being arrested for her death."

14. Hartford Life subsequently received a Death Certificate for Ms. Gomez, listing the cause of death as "Stab Wounds Of Torso With Injuries Of Heart And Lungs."

15. Hartford Life received an arrest record from the New York City Police Department stating that Baez was arrested on June 13, 2022 in connection with Ms. Gomez's death, and was charged with Murder, Manslaughter and Criminal Possession of a Weapon.

16. Accompanying the arrest record was a declaration from an investigating detective stating:

> Deponent states, based upon official investigation, observations of police officers and witnesses known to the New York City Police Department, the defendant's statements, and surveillance footage that at the above time and place, the defendant did stab Arianna Reyes Gomez multiple times about the leg, breast, back, and torso with a sharp object, causing her death. Deponent further states that surveillance footage depicting the above time and place captured the defendant struggle with Arianna Reyes Gomez at her door push himself into her apartment and emerge approximately one minute later holding a knife and leaving a bloody footprint.

17. New York's common law slayer rule prevents a killer from receiving their victim's life insurance benefits. *See Union Sec. Life Ins. Co. of New York v. JJG-1994*, No. 1:10-CV-00369 LEK, 2011 WL 3737277, at *3 (N.D.N.Y. Aug. 24, 2011). Various courts have recognized certain extensions and/or exceptions to the slayer rule.

18. The Plan provides as follows:

**Claims to be Paid:** *To whom will benefits for my claim be paid?*

> Life Insurance Benefits will be paid in accordance with the life insurance Beneficiary Designation. If the beneficiary is a minor or otherwise incompetent, as determined by law or court proceeding, payment will be made to his or her legal guardian.
>
> If no beneficiary is named, or if no named beneficiary survives You, We may, at Our option, pay:
>
> 1) the executors or administrators of Your estate; or
> 2) all to Your surviving spouse; or
> 3) if Your spouse does not survive You, in equal shares to Your surviving children; or
> 4) if no child survives You, in equal shares to Your surviving parents.

19. Hartford Life has disbursed the sum of $105,000, representing 30% of the Plan Benefit payable to Reyes. Of that amount, $85,000 was paid directly to Reyes, and $20,000 was paid to the PBA to reimburse it for amounts it advised it had advanced to Reyes.

20. Hartford Life contacted Baez's attorney on multiple occasions in August, September and October 2022 to attempt to ascertain whether Baez would disclaim his entitlement to the 70% of Plan Benefits. His attorney did not respond to Hartford Life's communications.

21. Hartford retains $245,000, or 70% of the Plan Benefits ("Retained Benefit").

22. Hartford Life cannot determine the proper beneficiary of the Retained Benefit without risking exposure of itself, the PBA, and/or the Plan to multiple liabilities.

23. If New York's slayer rule is deemed to apply, then the Retained Benefit is not payable to Baez either as primary beneficiary, as heir, or as surviving spouse. If New York's slayer rule is deemed not to apply, then the Retained Benefit is payable to Baez as 70% primary beneficiary.

24. As a mere stakeholder, Hartford Life makes no claim to the Retained Benefit, other than for payment of its reasonable attorney's fees and costs in connection with this action.

Hartford Life therefore respectfully requests that this court determine to whom the Retained Benefit should be paid.

25. Hartford Life is ready, willing, and able to pay the Retained Benefit, in accordance with the terms of the Plan, in such amounts and to whomever the Court shall designate.

26. Hartford Life will deposit into the Registry of the Court the sum of $245,000, plus any applicable interest due and owing under the terms of the Plan, and less its costs and reasonable attorneys' fees as determined by the Court, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, Plaintiff Hartford Life requests that the Court enter judgment:

(i) Restraining and enjoining the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States Court against Hartford Life, the PBA or the Plan for recovery of any Plan benefits plus any applicable interest, by reason of the death of the Ms. Gomez;

(ii) Require that Defendants litigate or settle and adjust between themselves any claim for Plan benefits, or upon their failure to do so, that this court settle and adjust their claims and determine to whom the Retained Benefit should be paid;

(iii) Permit Hartford Life to pay into the registry of the court the Retained Benefit, plus any applicable interest and less its costs and reasonable attorneys' fees, and payment dismiss Hartford Life with prejudice from this action, and discharge Hartford Life, the PBA and the Plan from any further liability;

(iv) Award such other and further relief, including attorney's fees and costs, to which Hartford Life is entitled in law or equity, as this Court deems just and proper.

Dated: December 15, 2022

ROBINSON & COLE LLP

By: */s/ Patrick W. Begos*
Patrick W. Begos (ct19090)
Gregory J. Bennici (ct29698)
1055 Washington Boulevard
Stamford, Connecticut 06901
Tel. No.: (203) 462-7500

*Attorneys for Plaintiff*